ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
b The instant disciplinary proceeding arises from a motion and rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Willard J. Brown, Sr., for his alleged failure to comply with the conditions of probation imposed in In re: Brown, 11-2247 (La.11/14/11), 74 So.3d 695 (“Brown I”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in Brown I demonstrated that respondent mishandled his client trust account by allowing the account to become overdrawn as the result of the assessment of bank service charges. Prior to the institution of formal charges, respondent and the ODC submitted a joint petition for consent discipline, proposing that respondent be suspended for six months, fully deferred, subject to his successful completion of a two-year period of supervised probation governed by the following conditions:
1. Respondent shall maintain his trust account in accordance with the Rules of Professional Conduct.
2. Respondent’s trust account shall be subject to quarterly review by a monitor approved by the ODC, at respondent’s expense, during the period of probation.
*281 |23. Respondent shall attend the next available session of Trust Accounting School offered by the Louisiana State Bar Association’s Practice Assistance Counsel.
4. Any violations of these conditions or other misconduct during the probationary period shall be grounds to make the deferred suspension exec-utory and/or to impose additional discipline, as appropriate.
5. Respondent shall be assessed all costs and expenses associated with this matter.
On November 14, 2011, we accepted the petition for consent discipline in Brown I. Our order stated in pertinent part as follows:
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Willard J. Brown, Sr., Louisiana Bar Roll number 23405, be suspended from the practice of law for a period of six months, fully deferred, followed by a two-year period of supervised probation governed by the terms and conditions set forth in the Petition for Consent Discipline. The probationary period shah commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. [Emphasis added.]
Following this ruling, respondent entered into a probation monitoring agreement providing that the period of probation commenced on February 28, 2012. The monitoring agreement also contained mandatory conditions which, among other things, required respondent to (1) promptly respond to all requests of the ODC; (2) maintain his client trust account in accordance with the Rules of Professional Conduct; (3) retain the services of an accountant approved by the ODC to perform quarterly reviews of his trust account in accordance with the ODC’s guidelines; and (4) direct his accountant to submit quarterly audit reports to the ODC.
| .¡DISCIPLINARY PROCEEDINGS

Motion and Rule to Revoke Probation

On April 26, 2012, the ODC filed a motion and rule to revoke respondent’s probation, alleging that he had failed to comply with the conditions of his probation in Brown I. First, the ODC alleged that despite multiple written requests, respondent had failed to provide the ODC with the name of the accountant whom he had retained to perform quarterly audits of his trust account. The ODC also noted that respondent had failed to submit his first quarterly audit report by the due date of April 20, 2012. Second, the ODC alleged that on January 30, 2012, a $4,654.50 check drawn on respondent’s trust account and payable to attorney Elizabeth Icamina was returned unpaid by respondent’s bank for “uncollected funds.” Ms. Icamina subsequently re-deposited the check and it cleared respondent’s account. By letter dated February 15, 2012, the ODC requested that, within ten days, respondent provide a written explanation of the circumstances relating to the returned check and submit copies of his trust account bank statements for the prior six months. Respondent did not submit a written response or the requested bank statements. Accordingly, the ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred six-month suspension.
Respondent filed an answer to the motion and rule to revoke probation, essen *282 tially denying any misconduct. First, respondent denied that he refused to provide the ODC with the name of his accountant. Respondent stated that he was initially unable to obtain any information from the ODC regarding the trust account audits, and that it was not until the ODC filed the motion to revoke probation that he understood he needed to hire an accountant to perform the ^audits.[1] Respondent then contacted a CPA, Curtis Click, to perform the trust account audits. However, Mr. Click did not understand what was being requested of him, and respondent suggested that he remains “unclear what will satisfy the audit of the Trust Account.” As to the unpaid check on his client trust account, respondent stated that he had , not refused to provide a response to the ODC’s inquiry regarding the check. Respondent represented that when he received the ODC’s letter of February 15, 2012, he contacted the ODC and spoke to Screening Counsel James Daly. Respondent informed Mr. Daly that the balance of the trust account was more than sufficient to cover the check when it was presented for payment,[2] and in response, Mr. Daly requested that respondent obtain a letter from his bank explaining the situation. Respondent stated that he did contact his bank to request the letter, and that when he thereafter heard nothing further from the ODC, he “considered the matter resolved.”

Disciplinary Board, Recommendation

Following a hearing before a board panel, the board filed its report with this court, recommending that the ODC’s motion to revoke respondent’s probation be denied.
The board found that the conditions of respondent’s probation required him to retain an accountant to perform quarterly reviews of his trust account, which he was to provide to the ODC. Respondent testified that he understood this condition |fito mean that he should provide the ODC with the name of the person who manages his trust account. Respondent informed the ODC by letter dated April 3, 2012 that he was the only person who managed his trust account. However, the board noted that the probation monitoring agreement clearly states that respondent was to “retain the services of an accountant” to perform quarterly trust account audits. Respondent testified that he now understands that he is required to retain a separate accounting professional to audit his trust account during the period of his probation, and that he has already done so. Nevertheless, even giving respondent the benefit of the doubt that he misunderstood this condition of his probation, the board found the probation agreement is also clear that he is to provide the ODC with quarterly reviews of his trust account, which he admitted he did not do for the first quarter. Therefore, the board concluded that re *283 spondent failed to fulfill this condition of his probation.
Turning to the issue of the dishonored check, the board noted that on February 2, 2012, the ODC received notice that a $4,654.50 check drawn on respondent’s trust account was returned unpaid due to uncollected funds. The ODC alleges that this constitutes a violation of Rule 1.15(a) of the Rules of Professional Conduct (safekeeping property of clients or third persons). However, respondent introduced bank statements indicating that he had between $14,000 and $17,000 in his trust account at the time the check was returned by the bank. Therefore, the board found respondent did not violate Rule 1.15(a).
As to the issue of respondent’s failure to cooperate and/or respond to the ODC, the board noted respondent’s testimony that upon receiving notice of the returned check from the ODC, he contacted Screening Counsel James Daly to discuss the matter. Respondent further stated that he contacted his bank at Mr. Daly’s request and instructed a manager to send the ODC a letter acknowledging the bank’s error. The ODC’s staff auditor, who participates in the investigation of Intrust accounts, testified that she never received a letter from respondent’s bank, but that even if she had, the ODC would still require him to provide a written explanation of the situation with supporting documentation. Respondent was informed that he needed to provide this information to the ODC, and he admitted he did not do so. Therefore, the board found respondent failed to cooperate with the ODC pursuant to the conditions of his probation and pursuant to Rule 8.1(c) of the Rules of Professional Conduct (failure to cooperate with the ODC in its investigation).
Notwithstanding its finding that respondent has violated certain conditions of his probation, the board concluded that revocation of probation is not appropriate at this time. The board observed that respondent has only been on probation for three months. While he initially failed to cooperate with the ODC, respondent has demonstrated a willingness to do so in the future. Therefore, the board found that the interests of the disciplinary system will be better served by allowing respondent to continue on his supervised probation, instead of revoking his probation and having him serve a six-month suspension from the practice of law, during which he would not have the benefit of supervision by a probation monitor. The board cautioned respondent to fully comply with every condition outlined in his probation monitoring agreement and to promptly respond to all future requests for information from the ODC, and that if he fails to do so, the ODC may provoke another probation revocation proceeding.
Based on the above findings, the board recommended that the ODC’s motion to revoke respondent’s probation be denied.[3]
^DISCUSSION
A review of the record reveals that respondent failed to timely provide the ODC with the name of the accountant who would be auditing his client trust account, and failed to submit the first quarterly audit report due on April 20, 2012. Respondent also failed to submit copies of his bank statements to the ODC in response to its February 15, 2012 request for an *284 explanation of the returned check on his trust account. At the hearing in this matter, respondent explained that he did not fully understand his obligations relating to the trust account audits, and that he tried to contact the ODC for clarification, but was not able to speak with anyone who would respond to his questions. Respondent also testified that he believed the returned check issue had been fully addressed following his telephone conversation with the ODC’s screening counsel, James Daly.
In finding that respondent did violate some of the conditions of his probation, the disciplinary board appears to have largely rejected respondent’s explanations. Nevertheless, the board was persuaded not to recommend revocation in light of respondent’s assurance that he will be more cooperative in the future. In addition, the board believed that the disciplinary system and the public will be better served if respondent is allowed to remain on probation, under the supervision of a practice monitor, instead of being suspended.
We agree with these conclusions. Accordingly, we will accept the board’s recommendation and decline to revoke respondent’s probation at this time. However, we caution respondent that in the future we will expect from him nothing less than scrupulous adherence to the requirements of his probation.
DECREE
For the reasons assigned, the ODC’s motion to revoke respondent’s probation is denied.

 Chief Justice Kimball not participating in the opinion.

. After Deputy Disciplinary Counsel Bernadine Johnson informed respondent that he was not in compliance with the conditions of his probation because he had • not provided her with the name of his "accounting professional,” respondent left several messages with the ODC asking to speak to Ms. Johnson regarding this matter. However, he did not actually speak with Ms. Johnson. Respondent then wrote a letter to Ms. Johnson stating, "I am the only person that handles my client's [sic] trust account, therefore, I am the accounting professional over my trust account.” Ms. Johnson acknowledged that she received this letter and that she did not follow up with respondent to let him know that he had to retain an accountant.

. In support, respondent included a copy of the bank statements for his client trust account for a six-month period. The statements indicated that on January 30, 2012, the date Ms. Icamina presented the $4,654.50 check for payment, the balance of respondent’s trust account was $14,308.94.

. The board’s report also discusses an issue raised for the first time at the revocation hearing regarding respondent’s failure to pay the costs of Brown I. The board determined that it would not make a finding of a probation violation on this issue because it was not raised in the ODC's motion and rule to revoke probation; however, the board directed respondent to address the unpaid costs in a timely manner.